UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD C. LEE,<br>CDCR# T-44149,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MARANDA, Correctional Officer, R.C. JOHNSON, Warden, D. WILLIAMS, Chief Deputy Warden, P. BRACAMONTE, Captain,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:22-cv-00335-JAH-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL**<br><br>**AND**<br><br>**(3) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A**<br><br>**[ECF Nos. 2, 4]** |

Harold C. Lee ("Plaintiff" or "Lee"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), and proceeding pro se, has filed this civil action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1 at 1. In addition, Plaintiff has filed a Motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and a Motion to appoint counsel. *See* ECF Nos. 2, 4.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in increments or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR inmate trust account statement and prison certificate. *See* ECF No. 3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that in the six months preceding filing, Plaintiff has had average monthly deposits of $191.81 and an average monthly balance of $211.27. *See* ECF No. 3 at 1. At the time of filing, however, Plaintiff had an available balance of only $1.27. *Id.*

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to proceed IFP (ECF No. 2) and declines to assess any initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because sufficient funds are not available in Plaintiff's account to pay one. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The $350 total fee owed in this case must be collected by the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or any subsequent agency having custody of Plaintiff, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(2).

**II.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

A.    Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and *sua sponte* dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621

F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Allegations

On May 26, 2021, Plaintiff was incarcerated at California State Prison, Los Angeles ("LAC"). Compl., ECF No. 1 at 7. According to Plaintiff, a fight broke out in the yard about fifteen feet away from him and Defendant Maranda shot him in the chest. *Id.* at 7–9. Plaintiff claims Defendant Johnson tried to coerce him not to file a grievance for a week after the shooting, but Plaintiff did so anyway. *Id.* Plaintiff further alleges that after he filed the grievance, Johnson refused to give him a copy of the incident report and instructed all staff at LAC not to give Plaintiff any documents related to the shooting. *Id.* Shortly after

Plaintiff's grievance was denied, he was transferred to RJD by Defendant Johnson. *Id.* When he arrived at RJD, Plaintiff claims he asked Defendant Bracamonte for the incident report related to his shooting. *Id.* at 9. According to Plaintiff, Bracamonte called Williams, who instructed Bracamonte not to give the report to Plaintiff. *Id.*

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. Discussion

Plaintiff alleges that Maranda violated his Eighth Amendment rights by shooting him. Compl., ECF No. 1. In addition, he alleges that Johnson, Williams, and Bracamonte violated his First and Fourteenth Amendment by refusing to provide him with copies of the incident report and other documents related to his May 26, 2021 shooting in order to retaliate against him for filing a grievance about the shooting. *Id.* He also alleges Williams retaliated against him for filing a grievance about the shooting by transferring him to RJD. *Id.*

1. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992);

*Schwenk v. Anderson*, 204 F.3d 1187, 1196 (9th Cir. 2000); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). In determining whether a prison official acted with excessive force, courts examine (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7.

Plaintiff alleges that on May 26, 2021, "a couple of inmates were fighting 15 feet away from [him] when C/O Maranda maliciously and sadistically shot Plaintiff in the chest deliberately and maliciously even though [he] had nothing to do with the fight that took place . . . ." Compl., ECF No. 1 at 7. Plaintiff further alleges that Maranda, who was manning the gun tower while another correctional officer used the restroom, "did not follow protocol when he release[d] the p.m. yard [because he was] suppose[d] to cancel yard until C/O Tapia finished using the restroom." *Id.* These allegations are sufficient to plausibly allege defendant Maranda violated Lee's Eighth Amendment rights. *Iqbal*, 556 U.S. at 676.

### 2. First Amendment Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114 (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendant Johnson retaliated against him for filing a 602 grievance regarding Maranda's use of excessive force when he shot Plaintiff by refusing to provide him with incident report related to the shooting. Compl., ECF No. 1 at 4. He

also alleges Johnson directed "all of his staff under his command at Lancaster State Prison not to turn any documents over to Plaintiff," and then transferred him to RJD, all in retaliation for Plaintiff filing a grievance. *Id.*

Defendant Williams was one of the individuals under Johnson's command whom Plaintiff alleges Johnson told not to provide Plaintiff with the report he requested. *Id.* at 4, 6, 9. Plaintiff claims Williams refused to provide him with the documents in retaliation for him filing a grievance about the shooting. *Id.* In addition, he alleges Williams directed Defendant Bracamonte at RJD to refuse Plaintiff's requests for the incident report related to his shooting, again in retaliation for filing a grievance about the shooting. *Id.* at 4, 6, 8–10. Finally, Plaintiff claims Defendant Bracamonte also refused to provide him with incident report related to his shooting in retaliation for filing a grievance about it. *Id.* at 4, 6, 8–10.

While Plaintiff has plausibly alleged that Defendants Johnson, Williams, and Bracamonte "took some adverse action against [him] . . . because of [his] . . . protected conduct, and that such action . . . chilled [his] exercise of his First Amendment rights," he has not plausibly alleged that the action "did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567–68. A plaintiff alleging retaliation "bears the burden of pleading . . . the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Medina v. Morris*, 2014 WL 12686744, at *10 (S.D. Cal. June 2, 2014). "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, *id.*, or that they were 'unnecessary to the maintenance of order in the institution[.]'" *Watison*, 668 F.3d at 114–15 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984)).

Here, Plaintiff concludes Defendants Johnson, Williams, and Bracamonte failed to provide him the incident report and transferred him from LAC to RJD in retaliation for his having filed a grievance. But he also admits the fight which preceded the shooting did not involve him, and acknowledges Defendants refused his requests for a copy of the incident

report because it "did not have anything to do with [him]." Compl., ECF No. 1 at 6. Thus, Plaintiff's own factual allegations plausibly suggest Defendants' actions were *not* arbitrary, and instead were based on "legitimate correctional purposes" like the preservation of evidence, the protection of potentially confidential material, or the safety of Plaintiff, other inmates, or prison staff pending an investigation into the shooting. *See Pratt*, 65 F.3d at 808; *Sheppard v. Quillen*, 840 F.3d 686, 691–92 (9th Cir. 2016) ("There's no doubt that corrections officers should strive for unharmed prisoners and untainted investigations."); *see also* Cal. Code Regs., tit. 15 § 3321 (governing classification and permissible dissemination of confidential materials and sources); Cal. Dept. of Corr. & Rehab. Operations Manual § 51030.6.2.1 ("Incident reports which contain confidential information shall be written, controlled, and distributed in accordance with [Section] 3321.").

In order to state a claim under § 1983, Plaintiff must do more than allege the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 678. As it stands, Plaintiff has not plausibly alleged the denial of access to the incident report or his transfer to RJD was in retaliation for filing a grievance. *See Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."). Therefore, Plaintiff's retaliation claims must be dismissed sua sponte for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b).

### 3. Fourteenth Amendment Due Process

Plaintiff also alleges Defendants Johnson, Williams, and Bracamonte's refusal to provide him with the incident report violated his Fourteenth Amendment rights because it interfered with his ability to "redress and/or grieve the process correctly." Compl., ECF No. 1 at 4, 6–10. He also claims his transfer to RJD violated his due process rights. *Id.* "[I]nmates have no due process right to have their grievances or appeals be processed in any particular manner." *Molina v. Diaz*, 2020 WL 8474859, at *7 (C.D. Cal. April 17, 2020) (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)). Moreover, there is no constitutional right to be incarcerated at a particular prison. *Olim v. Wakinekona*, 461 U. S.

238, 244 (1983); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (stating that "the due process clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the institutions is within the normal limits or range of custody which the conviction has authorized the state to impose."). Accordingly, Plaintiff has failed to state a plausible Fourteenth Amendment due process claim against any Defendant. *Iqbal*, 556 U.S. at 678.

    D.    <u>Leave to Amend</u>

While the Court has dismissed some of Plaintiff's claims, it must also grant Plaintiff leave to amend them–if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. Motion for Appointment of Counsel

Finally, Plaintiff requests the appointment of counsel because his "comprehension and literacy abilities are at the 9th grade level" and he "is only able to file this motion with the aid of another inmate who will not be able to help much longer." *See* ECF No. 4 at 1. There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

While a pro se litigant "may not have vast resources or legal training," these are simply among the commonly shared "types of difficulties encountered by many pro se

litigants." *Wells v. Washington State Dep't of Corr.*, No. C13-234 RJB/KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013). Here, nothing in Plaintiff's Complaint suggests he is incapable of articulating the factual basis for his claims which appear "relatively straightforward." *Harrington*, 785 F.3d at 1309. In fact, the Court has found, based on its initial screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), that he has stated a plausible Eighth Amendment claim for relief against Defendant Maranda. *See Meeks v. Nunez*, No. 3:13-cv-00973-GPC-GBS, 2017 WL 476425, at *3 (denying ADA inmate appointment of counsel where inmate "successfully survived screening," and had submitted motions "drafted with clarity and [asserting] proper arguments"); *Garcia v. Blahnik*, Civil Case No. 3:14-cv-00875-LAB-BGS, 2016 WL 4269561, at *3 (S.D. Cal. Aug. 15, 2016) (finding no "exceptional circumstances warranting a judicial request for a voluntary legal counsel" where Plaintiff's psychiatric disorder and limited access to the law library did not "prevent[] him from filing a well-articulated complaint and other motions with the Court").

In addition, while Plaintiff may have sufficiently *pleaded* a plausible Eighth Amendment claim at this preliminary stage of the proceedings, he has yet to demonstrate and it is too soon to tell whether he is likely to succeed on the merits. *Harrington*, 785 F.3d at 1309; *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), reconsideration denied, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore*, Civil Case No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional

circumstances] test."). Accordingly, the Court finds no "exceptional circumstances" exist at this preliminary stage of the case and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 4) without prejudice.

### IV. Conclusion and Order

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DENIES** Plaintiff's Motion to Appoint Counsel [ECF No. 4] without prejudice.

5) **DISMISSES** Plaintiff's retaliation and due process claims against Defendants Johnson, Williams, and Bracamonte sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

6) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) file a Notice of Intent to Proceed with his Eighth Amendment claim against Defendant Maranda only; or (2) file an Amended Complaint correcting all the deficiencies of pleading identified by the Court in this Order.

If Plaintiff chooses to proceed as to his claims against Defendant Maranda only, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint on Defendant Maranda and dismiss the remaining claims and Defendants. If Plaintiff chooses

to file an amended pleading correcting the deficiencies outlined in this Order, his Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's Amended Complaint must be entitled as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 22-cv-00335-JAH-MSB in its caption, and comply both with Fed. R. Civ. P. 8 and with S.D. Cal. CivLR 8.2.a. In order to assist Plaintiff in complying with these requirements, the Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use and convenience should he choose to amend.

**IT IS SO ORDERED**.

Dated: May 31, 2022

Hon. John A. Houston
United States District Judge